| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:12-CR-119 |
| | § | |
| VICKI STARK-FITTS | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Vicki Stark-Fitts's ("Stark-Fitts") *pro se* Letter Motion (#734), wherein she seeks compassionate release due to her medical condition and rehabilitation. On June 5, 2020, the court denied Stark-Fitts's two prior requests for compassionate release (#670). On October 2, 2020, the court denied Stark-Fitts's motion for reconsideration of the June 5, 2020, order (#676). Accordingly, the court construes the present request as a second motion for reconsideration of the court's order denying Stark-Fitts's previous requests for compassionate release. The Government filed a response in opposition to her current motion on January 2, 2024 (#738). United States Probation and Pretrial Services ("Probation") conducted an investigation and submitted a report on November 15, 2023, recommending that the court deny the motion.

In her Letter Motion, dated October 20, 2023, Stark-Fitts expresses concern about her declining health. She states she is 60 years old and that her health is declining rapidly, having been diagnosed with type II diabetes, high blood pressure, glaucoma, asthma, chronic obstructive pulmonary disease ("COPD"), and emphysema. She contends that the healthcare is very poor within the Bureau of Prisons ("BOP") and asserts that she is under the care of "numerous" chronic care clinics, including one for arthritis. With respect to her rehabilitation, Stark-Fitts states she has "done extensive rehabilitating programming" which includes four vocational trade

certifications and a 4,000 hour business administration and office management apprenticeship. As to her work qualifications, Stark-Fitts reports that prior to her incarceration, she was certified as a paralegal, a licensed cosmetologist, and a medical office specialist. She plans to be released to her daughter, Ashley Stark Hughes, who will provide her transportation. Stark-Fitts concludes that she is "a good inmate who does not get in trouble." She is currently housed in the Carswell Federal Medical Center ("Carswell FMC"), with a projected release date of July 17, 2039.

Although Stark-Fitts provides the court with a list of commendable achievements and goals, she does not assert any novel legal arguments, present any new bases for relief, raise any substantial factual or legal issues warranting her release, show that she is receiving inadequate heath care at Carswell FMC, or demonstrate that she would not pose a risk to society, if released. Probation reports she is classified as Care Level 2 inmate who, according to the BOP Clinical Practice Guidance, dated May 2019, "are stable outpatients who require clinician evaluations monthly to every 6 months. Their medical and mental health conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring. Enhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time." According to Stark-Fitts's latest medical records provided by the Government, she has been diagnosed with asthma, COPD, hypertension, osteoarthritis, other shoulder lesions, type II diabetes, thoracic disc disorder, and obesity. Stark-Fitts underwent a colonoscopy on June 9, 2023, which revealed no malignancies and dispelled any concerns arising from her prior claim that she had a positive colon cancer test. The updated medical records continue to reflect that Stark-Fitts receives regular medical evaluations and treatment within the BOP, with many of her afflictions being managed through prescription drugs and routine follow-up appointments.

Probation noted that Stark-Fitts has incurred at least three disciplinary infractions while incarcerated, the most recent occurring on July 8, 2023, in which she admitted to possessing an unauthorized item.

Stark-Fitts's medical condition appears to be rather typical for an inmate her age and does not constitute an extraordinary and compelling reason for her release under § 3582(c)(1)(A). Regardless, even if she is more infirm, "compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Where, as here, a prisoner has engaged in "severe" criminal conduct and has an extensive criminal history, the district court has discretion to deny compassionate release after weighing the evidence. *Id.* at 693-94. Moreover, Stark-Fitts has not yet served even half of her 378-month sentence of imprisonment. In *Chambliss*, the Fifth Circuit upheld the denial of compassionate release due to the defendant's not yet having served a sufficient portion of his sentence. *Id.* at 694. Specifically, the district court determined that the defendant's terminal illness "constitute[d] 'an extraordinary and compelling reason for a sentence reduction' and that he '[did] not present a danger upon release,'" but denied release because "releasing [the defendant] after serving only 14 years of a 30-year sentence minimizes both the impact of [the defendant's] crime and seriousness of the offense." *Id.* at 693-94. As explained in the court's June 5, 2020, order denying Stark-Fitts's previous requests, compassionate release is not warranted in light of the applicable factors set forth in § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release); *Chambliss*, 948 F.3d at 693-94.

The nature and circumstances of Stark-Fitts's offense of conviction entail her association with a racketeer influenced and corrupt organization—a white supremacist gang known as "Solid Wood Soldiers" or "Separate White State" ("SWS")—that engaged in murder and the distribution of methamphetamine. She pleaded guilty to engaging in racketeering conspiracy to distribute methamphetamine and murder and was sentenced to 378 months' imprisonment, followed by 5 years of supervised release. Specifically, Stark-Fitts supplied members of the SWS with firearms as well as with crystal methamphetamine for distribution. She planned, provided transportation, covered up, and fled the scene of the murder of an SWS member. She also has prior convictions for endangering a child, driving while intoxicated, possession of methamphetamine, theft of property, and being a felon in possession of a firearm. Moreover, she previously failed to comply with terms of supervised release and probation. In view of the circumstances surrounding Stark-Fitts's offenses of conviction, her extensive criminal history, and her history of substance abuse, including marijuana, LSD, cocaine, alcohol, and methamphetamine, starting at the age of 15, the court concludes, as before, that she would pose a danger to any other person or to the community if released from confinement at this time.

For the foregoing reasons, Stark-Fitts's Letter Motion (#734), which the court construes as a second motion for reconsideration, is DENIED.

SIGNED at Beaumont, Texas, this 4th day of October, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE